IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE LEE TORRES, | } | |
| TDCJ-CID NO.908103, | } | |
|        Petitioner, | } | |
| v. | } | CIVIL ACTION NO. H-08-1474 |
| | } | |
| NATHANIEL QUARTERMAN, | } | |
|        Respondent. | } | |

OPINION ON DISMISSAL

Petitioner Jesse Lee Torres, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254, from a conviction for murder in the 184th District Court of Harris County, Texas in cause number 818269 on February 2, 2000. For the reasons to follow, the Court will dismiss the petition as successive.

Petitioner sought federal habeas relief from his 2000 murder conviction in February, 2003, on grounds that his rights to due process were violated by (1) the make-up of the petit jury, (2) a fatal variance in proof at trial from allegations in the indictment, (3) the denial of a motion to suppress, and (4) the insufficiency of the evidence to support his conviction. *See Torres v. Dretke*, Civil Action No.H-03-0726 (S.D. Tex. Feb. 5, 2004) (Docket Entry No.11). The court denied each claim on its merits except for the claim regarding the denial of a motion to suppress, which the court found procedurally barred. *Id.* The Fifth Circuit Court of Appeals denied a certificate of appealability. *Id.* at Docket Entry No.15. The United States Supreme Court denied petitioner's petition for writ of *certiorari*. *Id.* at Docket Entry No.16.

On November 27, 2007, petitioner filed a motion in the Fifth Circuit, seeking authorization to file a successive habeas petition on grounds that (1) he was denied the effective assistance of counsel at trial and on appeal, (2) the prosecutor withheld favorable evidence and

1

used false testimony to obtain his conviction, (3) the state district court gave an unconstitutional "reasonable doubt" instruction, (4) he was denied a fair trial due to judicial bias and insufficient evidence, (5) his trial was unconstitutional, and (6) the state district court failed to instruct the jury regarding "transferred intent." *In re Torres*, No.07-20873 (5th Cir. 2008). On March 6, 2008, the Fifth Circuit denied the motion to file a second or successive petition because petitioner did not meet the standard under 28 U.S.C. § 2244(b). *Id.*

In the pending habeas action, petitioner claims that he is not challenging his conviction but § 2244(b)(3)(A) and § 2244(b)(2)(B) of Title 28 U.S.C. that govern second or successive petitions. (Docket Entry No.1). Petitioner claims that § 2244(b)(3)(A) limits the Great Writ and is unconstitutional and § 2244(b)(2)(B) does not allow for a claim of innocence under any of the existing gateways. (Docket Entry No.1). Petitioner maintains that since the denial of his motion to file a successive writ, the United States Supreme Court has granted review of a case that could potentially impact his conviction for murder. (Docket Entry No.2). Petitioner claims that the outcome of this case may prove that he "may be guilty of 'a crime' but not of 'the crime' for which he was convicted." (*Id.*). Because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not provide a "gateway" for "actual innocence" claims, petitioner claims the AEDPA violates the Eighth Amendment. (*Id.*). He prays this court to "reconsider the denial for a successive petition and review *de novo* whether the AEDPA is both unconstitutional as applied to applicant, and second[, whether it is] unconstitutional because it forecloses an actual innocence claim and third[, whether it] restricts the Great Writ when it is in direct conflict with the Eighth Amendment to the United States Constitution." (*Id.*).

To the extent that petitioner challenges the constitutionality of § 2244(b) regarding successive petitions, he is not entitled to relief. The restrictions on successive petitions

constitute a modified *res judicata* rule, *i.e.* a restraint on the abuse of the writ," and do not amount to a "suspension" of the writ. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). "Nor do AEDPA's amendments to § 2244(b) violate the Fifth, Eighth, and Fourteenth Amendments." *Graham v. Johnson*, 168 F.3d 762, 787 (5th Cir. 1999). Petitioner's challenge to the unconstitutionality of the AEDPA is without merit and therefore, subject to dismissal.

To the extent that petitioner seeks relief from his conviction on an actual innocence claim, he fails to show any entitlement to such relief. The AEDPA limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). A petitioner must submit all available claims in his first habeas petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 870-71 (5th Cir. 2000).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner does not allege, and the record does not show, that the Fifth Circuit has issued an order authorizing the district court to consider the pending application for habeas relief on petitioner's claim of "actual innocence." Accordingly, this action is DISMISSED without prejudice to seeking authorization from the court of appeals to proceed in this court on any new claims.

To the extent that petitioner seeks reconsideration of the Fifth Circuit's Order denying authorization to file a second or successive petition, this Court is without jurisdiction to grant relief.

The Court finds that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  For this reason, the Court finds that a certificate of appealability should not issue in this case.  All other motions, if any, are DENIED.

SIGNED at Houston, Texas, this 18th day of June, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE